UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

In re: )
ROBERT THOMAS CARTER ) Case No. 1:12-CV-206
BPR No. 013185 ) Chief Judge Curtis L. Collier
)
)
)
)

## MEMORANDUM & ORDER

On June 5, 2012 Petitioner Robert Thomas Carter ("Petitioner") filed a Petition for Readmission to the bar of the Eastern District of Tennessee (Court File No. 1). In the petition and accompanying memorandum, Petitioner stated he has recently been reinstated to the practice of law by order of the Supreme Court of Tennessee, following a suspension "for failure to comply with the Tennessee Lawyer's Assistance Program regulation." Because Petitioner was suspended from the bar of this Court in "conformity with state discipline," *see* E.D. Tenn. L.R. 83.7 (g), he now seeks reinstatement since his state bar suspension is over. However, although suspension by a state bar can provide the basis for reciprocal discipline in "conformity with state discipline," the decision to impose discipline is based upon federal standards and may or may not conform to the action taken by a state. In other words, reciprocal discipline is not automatic. Conversely, readmittance to the state bar does not automatically provide for readmission to the bar of this Court. Rather, pursuant to Rule 83.7(l), a petitioner "has the burden of proving by clear and convincing evidence that he or she has the requisite good moral character, ethical standards, professional competence, and learning in the law necessary to serve as an officer of the Court and to be readmitted to the practice of law." This is the standard the Court must use regardless of the action of the State of Tennessee.

In this case, the Court could not determine based merely on the petition whether Petitioner could make such a showing by clear and convincing evidence. Accordingly, the Court held a hearing on the petition on June 19, 2012. At the hearing, Petitioner went into greater detail about his initial suspension from the practice of law by the Supreme Court of Tennessee, explaining the genesis for the suspension was his felony theft of $50,000 to $60,000 from his former law firm over an 18-month period, and subsequent guilty plea. The guilty plea was made under a judicial diversionary program whereby an adjudication of guilt was not made; thus, Petitioner does not have a felony conviction. Petitioner represented he has since repaid the misappropriated funds, and is actively complying with the Tennessee Lawyer's Assistance Program. Neil Brunetz, chair of the Standing Committee on Admissions for this Court, was also present and involved at the hearing.

After consideration of the petition, Petitioner's testimony at the hearing, and the Court's consultation with the Admissions Committee, the Court determines Petitioner has not established by clear and convincing evidence that he "has the requisite good moral character, ethical standards, professional competence, and learning in the law necessary to serve as an officer of the Court and to be readmitted to the practice of law." Accordingly, the Court **DENIES** the petition for readmission (Court File No. 1). Pursuant to L.R. 83.7(l)(4), Petitioner may not reapply for reinstatement until one year following entry of this order.

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**